THE SIDONIAN.[1]

GENTILLI *v.* THE SIDONIAN.

(*District Court, E. D. New York.* April 19, 1888.)

SHIPPING—LIBERTY TO CALL AT ANY PORT—QUARANTINED PORT—DETENTION—DAMAGE TO FRUIT CARGO—BILL OF LADING—EVIDENCE.

The shipper of a cargo of fruit took from the ship a bill of lading containing permission to the vessel to call at any port or ports. One port, at which the ship was accustomed to call, was known to all parties to be quarantined. Evidence was given to show that the agent of the ship gave the shipper to understand that the vessel would not call at the quarantined port. Nevertheless the shipper thereafter accepted the bill of lading containing the permission, without objection. Thereafter the ship did so call, and was detained in quarantine, and by such delay the shipper's fruit was damaged. *Held*, that the bill of lading governed, and that he could not recover in an action brought upon it.

*Ullo, Ruebsamen & Hubbe*, for libelant.
*Wing, Shoudy & Putnam*, (*C. C. Burlingham*,) for claimant.

BENEDICT, J. This is an action to recover damages for a breach of a contract of affreightment. The libel sets forth a bill of lading, issued for the transportation in the steam-ship Sidonian of 1,500 boxes of lemons from the port of Genoa to the port of New York. It also avers a payment of the freight, and a failure to deliver the lemons in like good order and condition as they were shipped. The libel further avers that the

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

damage to the lemons arose from the length of the voyage, owing to the fact that the steam-ship, after leaving Genoa, called at Palermo, in Sicily, when it had been agreed that she should not call there. The bill of lading, which is made part of the libel, describes the voyage as from Genoa to New York. It contains also the following clause: "With liberty to call at any port or ports, in any rotation, for any purpose whatever." It appears from the evidence that, prior to the shipment of these lemons, a quarantine had been established at the port of Palermo, whereby a vessel coming from Genoa was compelled, before entering the port of Palermo, to go to the island of Gaeta, and there remain for the period of 10 days. There is evidence to show that, prior to the shipment of the lemons the agent of the ship-owner gave the shipper to understand that the ship would not call at Palermo on this voyage. But it also appears that, upon the shipment of the lemons, the bill of lading upon which this action is based was issued by the ship, and received by the shipper without objection; the fact of the establishment of the quarantine at Palermo being then known to all parties. Thereafter the ship called at Palermo, that being one of the ports ordinarily touched at by the vessels of this line on their voyage to New York, and in consequence was detained by the quarantine 10 days. Upon these facts the libelant asks at the hands of this court a construction of the bill of lading so as to exclude the port of Palermo from the liberty to call mentioned in the bill of lading, upon the ground that, after the establishment of the quarantine, the port of Palermo could not be entered under ordinary circumstances, and so was not within the contemplation of the parties to the contract. But I am unable to see how such a construction can be given to the bill of lading. The words of the liberty to call are plain, and clearly include the port of Palermo. If the shipper had desired to exempt the port of Palermo from the liberty to call contained in the bill of lading, because of the quarantine then known to have been established, he should have procured a modification of the bill of lading. Instead of so doing he accepted the bill of lading without objection, and now brings his action upon it. It is impossible to permit him to recover in such an action, without setting aside the established rule which makes the written contract the evidence of the agreement between the parties. The libel must be dismissed, and with costs.